No. 24-5641

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

CORI HORTIN and VALERIE MORRISON, on behalf of themselves, all others similarly situated, and the general public,
*Plaintiff-Respondents,*

*v.*

KRAFT HEINZ FOOD COMPANY, LLC,
*Defendant-Petitioner.*

---

United States District Court for the Southern District of California,
Honorable Todd W. Robinson
Case No. 3:24-cv-909-TWR-SBC

---

**ANSWER IN OPPOSITION TO KRAFT HEINZ FOODS COMPANY, LLC'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1453(C)(1)**

Jack Fitzgerald
Melanie R. Monroe
Trevor Flynn
Peter Grazul
**FITZGERALD MONROE FLYNN PC**
2341 Jefferson Street, Suite 200
San Diego, California 92110
(619) 692-3840

*Attorneys for Plaintiff-Respondents*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

INTRODUCTION .....................................................................................................1

REASONS TO DENY KRAFT'S PETITION .........................................................3

    I.    EXPEDITED INTERLOCUTORY APPEALS FOR NON-CAFA RELATED ISSUES ARE UNWARRANTED .........................3

    II.    KRAFT'S APPEAL ARGUMENTS WILL LIKELY BE REJECTED ........................................................................................6

        A.    The District Court Lacked Equitable Jurisdiction ......................6

        B.    Absent Equitable Jurisdiction, Remand is Required ..................7

    III.    Kraft's Policy Arguments are Meritless; if Anything, *Kraft* is Abusing CAFA ...............................................................................10

CONCLUSION .......................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Alvarez v. Midland Credit Mgmt., Inc.*,
  585 F.3d 890 (5th Cir. 2009) ...............................................................................3

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987)...........................................................................................10

*Cates v. Allen*,
  149 U.S. 451 (1893)............................................................................................8

*Chamberlan v. Ford Motor Co.*,
  402 F.3d 952 (9th Cir. 2005) ..............................................................................3

*Chan Healthcare Group, PS v. Liberty Mut. Fire Ins. Co.*,
  844 F.3d 1133 (9th Cir. 2017) ............................................................................1

*Clevenger v. Welch Foods Inc.*,
  2022 WL 18228288 (C.D. Cal. Dec. 14, 2022)..................................................11

*Clevenger v. Welch Foods Inc.*,
  2023 WL 2390630 (C.D. Cal. Mar. 7, 2023)........................................... 9, 10, 12

*Erie Railroad Co. v. Tompkins*,
  304 U.S. 64 (1938).............................................................................................6

*Granato v. Apple Inc.*,
  2023 WL 4646038 (N.D. Cal. July 19, 2023) ....................................................9

*Guaranty Trust Co. of New York v. York*,
  326 U.S. 99 (1945).............................................................................................6

*Guthrie v. Transamerica Life Ins. Co.*,
  561 F. Supp. 3d 869 (N.D. Cal. 2021)...................................................... 7, 8, 9

*Guzman v. Polaris Indus. Inc.*,
  49 F.4th 1308 (9th Cir. 2022) ................................................................. 7, 8, 12

*Kasky v. Nike, Inc.*,
   27 Cal.4th 939 (2002) ................................................................................... 11

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011) ................................................................................. 11

*Linton v. Axcess Fin. Servs., Inc.*,
   2023 WL 4297568 (N.D. Cal. June 30, 2023) ............................................. 6, 7, 9

*Morgan v. Rohr, Inc.*,
   2023 WL 7713582 (S.D. Cal. Nov. 15, 2023) .................................................. 9

*Patterson v. Dean Morris, L.L.P.*,
   448 F.3d 736 (5th Cir. 2006) ......................................................................... 2

*Peralta v. Countrywide Home Loans, Inc.*,
   375 F. App'x 784 (9th Cir. 2010) ............................................................... 3, 4

*Prado-Steiman v. Bush*,
   221 F.3d 1266 (11th Cir. 2000) ..................................................................... 3

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) ....................................................................................... 8

*Ruiz v. The Bradford Exch., Ltd.*,
   2024 WL 2844625 (S.D. Cal. May 16, 2024) ............................................. 9, 10

*Schlesinger v. Councilman*,
   420 U.S. 738 (1975) ....................................................................................... 6

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ....................................................................... 3, 6

*Twist v. Prairie Oil & Gas Co.*,
   274 U.S. 684 (1927) ....................................................................................... 8

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
   208 F.3d 288 (1st Cir. 2000) ......................................................................... 3

**Statutes**

28 U.S.C § 1453(c)(2).......................................................................................3

Plaintiff-Respondents Cori Hortin and Valerie Morrison ("Plaintiffs") oppose Defendant-Petitioner Kraft Heinz Foods Company, LLC's ("Kraft") Petition for Permission to Appeal ("Pet.").

## **INTRODUCTION**

Plaintiffs filed this class action in San Diego Superior Court, alleging violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) ("UCL") and False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq*.) ("FAL"), as well as unjust enrichment. *See* ECF 1-2, Ex. A to Notice of Removal ("Compl.") at ¶¶ 85-114. Kraft removed the action to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). *See* ECF No. 1, Not. of Removal. Because Plaintiffs sought only equitable relief and did not allege they lacked an adequate legal remedy, however, the district court found it lacked equitable jurisdiction to consider the merits of Plaintiffs' claims and granted their motion to remand the matter back to the San Diego Superior Court. *See* ECF 23, Order Granting Plaintiffs' Mot. for Remand ("Remand Order").

Although the district court remanded *only* for lack of equitable jurisdiction, Kraft seeks an expedited and abbreviated appeal under 28 U.S.C. § 1453(c)(1), a process reserved for review of remand orders based in the minimal diversity and amount-in-controversy requirements of CAFA. *See Chan Healthcare Group, PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1140 (9th Cir. 2017) (differentiating

between traditional diversity jurisdiction and CAFA jurisdiction, finding "CAFA's legislative history supports our conclusion that the limited grant of appellate review is tied to CAFA's minimal diversity provisions," and "conclud[ing] that the review provisions of 28 U.S.C. § 1453(c) are limited" to CAFA); *see also Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 742 (5th Cir. 2006) (though CAFA "provides that we 'may accept an appeal from an order of a district court granting or denying a motion to remand a class action,' this precatory language cannot serve as a mandate for us to reach otherwise non-reviewable remand decisions").

Here, CAFA's jurisdictional requirements were not the basis of the district court's remand decision—to the contrary, Plaintiffs did not dispute that CAFA's jurisdictional requirements would be met if it applied. But CAFA is simply inapplicable where, as here, a plaintiff brings a claim in state court that a federal court lacks equitable jurisdiction to hear, even if it would otherwise have subject matter jurisdiction under CAFA. Any other conclusion would lead to the absurd result that a defendant could remove a case to a court that lacks the power to provide a remedy for the legal violations alleged. Thus, Kraft is effectively asking for a *liability* loophole.

More importantly at this juncture, Kraft is asking the Court to review complicated questions of equitable jurisdiction that have arisen stemming from the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839

(9th Cir. 2020). It is unfair (including to Plaintiffs) to expect the Court to engage in such broad review with only abbreviated briefing, a limited record, and on an expedited basis.

## REASONS TO DENY KRAFT'S PETITION

### I. EXPEDITED INTERLOCUTORY APPEALS FOR NON-CAFA RELATED ISSUES ARE UNWARRANTED

Interlocutory appeals "are 'disruptive, time-consuming, and expensive.'" *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)). They "add to the heavy workload of the appellate courts, [and] require consideration of issues that may become moot," *id.* (citing *Prado-Steiman v. Bush*, 221 F.3d 1266, 1276-77 (11th Cir. 2000)). But interlocutory review of remand orders involving non-CAFA related questions are particularly vexing for litigants and Circuit Courts, since the briefing schedule is abbreviated and the court must "complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed," *see* 28 U.S.C § 1453(c)(2).

"Under this framework, the presence of an important, but non-CAFA issue, does not warrant interlocutory appellate review of a remand order." *Peralta v. Countrywide Home Loans, Inc.*, 375 F. App'x 784, 785 (9th Cir. 2010) (citing, *inter alia*, *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 894 (5th Cir. 2009) (dismissing appeal under § 1453 as improvidently granted because the only issue

3

briefed was not a unique CAFA issue)). In *Peralta*, the defendant removed a case from California state court under CAFA. *Id.* The plaintiffs moved for remand, and the district court denied the motion, finding minimal diversity. *Id.* The plaintiffs sought permission to appeal, arguing the defendant bank was *also* a citizen of California, so there was no minimal diversity under CAFA. *Id.* This Court held that although the underlying case was removed under CAFA, and even though CAFA's minimal diversity requirement was involved, the *actual* issues plaintiffs wanted reviewed were the defendant's corporate citizenship and the proper "interpretation of the term 'located' in 28 U.S.C. § 1348." *See id.* Resolution of those questions, the Court held, "d[id] not implicate an interpretation of CAFA." *Id.* Thus, the "court decline[d] to resolve the complex jurisdictional issue of a national bank's citizenship on a limited record, with abbreviated briefing, and a decisional deadline." *Id.*

Here, the issues presented are even further removed from CAFA than in *Peralta* because Plaintiffs do not dispute CAFA's minimal diversity and amount-in-controversy requirements were satisfied by Kraft's removal notice. Moreover, in opposing remand, Kraft raised three non-CAFA arguments.

*First*, Kraft argued that remand was improper because federal district courts do not inherently lack jurisdiction over equitable claims. ECF 11, Opp. to Mot. to Remand ("Remand Opp.") at 10.

4

***Second***, Kraft argued that even if a "plaintiff must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm," if she can potentially allege legal claims, she must do so. Remand Opp. at 14. Thus, according to Kraft, Plaintiffs were obligated to assert claims under California's Consumers Legal Remedies Act and for breach of warranty, and the district court should have forced them to do so. *See id.*

***Third***, Kraft argued that if the district court "were to conclude that Plaintiffs have an adequate remedy at law, that this deprives the Court of 'equitable jurisdiction,' and that the absence of equitable jurisdiction can justify remand," Kraft should be given an opportunity to "waive" the defect. Remand Opp. at 18.

Kraft now presents for expedited review these same issues. *See* Pet. at 6 (Questions Presented). Each involves complicated questions surrounding the implications of "a [district court's] lack of 'equitable jurisdiction,'" the "entitle[ment]" of Plaintiffs "to forgo the[] . . . assert[ion of] legal claims . . . even though they purport to represent class members who could assert such claims," and whether a defendant can "waive its 'equitable jurisdiction' defense" (and if so, the implications of such a waiver on a remand motion). *See id.* Thus, CAFA is essentially irrelevant, and Kraft's petition should be denied.

## II. KRAFT'S APPEAL ARGUMENTS WILL LIKELY BE REJECTED

Given the short time in which Plaintiffs had to prepare this Answer, and without prejudice to providing more fulsome argument in response to any arguments raised by Kraft in any future or related appeal, Plaintiffs briefly explain why Kraft is wrong on the merits, and why the district court's ruling was correct.

### A. The District Court Lacked Equitable Jurisdiction

In *Sonner*, this Court affirmed the long-standing rule that federal courts lack equitable jurisdiction over claims for restitution unless a plaintiff demonstrates there are no adequate remedies at law. *See* 971 F.3d at 842-45. Applying *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945), *Sonner* held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution" and "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution . . . in a diversity action." *Id.* at 844 (footnote omitted).

Equitable jurisdiction, "much like subject matter jurisdiction," is a "limitation on federal courts." *Linton v. Axcess Fin. Servs., Inc.*, 2023 WL 4297568, at *2 (N.D. Cal. June 30, 2023) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975)). It "is distinct from subject matter jurisdiction," but "**both** are required for a federal court to hear the **merits** of an equitable claim." *Guzman v. Polaris*

6

*Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) (emphasis added). Accordingly, when a "court is presented with [only] equitable claim[s], it must first determine whether it possesses equitable jurisdiction before it can address the merits." *Linton*, 2023 WL 4297568, at *2 (citing *Guzman*, 49 F.4th at 1314).

Federal district courts cannot consider the merits of equitable claims absent plausible allegations that a plaintiff lacks an adequate remedy at law. *See Guzman*, 49 F.4th at 1313 (where plaintiff has an adequate legal remedy, "the district court lacked equitable jurisdiction to hear [the] UCL claim"); *see also Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 876 (N.D. Cal. 2021) ("under *Sonner*—that is, under the interpretation that I and all district courts of which I am aware have adopted—a court lacks equitable jurisdiction if a plaintiff fails to plead that she lacks an adequate remedy at law").

Because here, Plaintiffs brought only equitable claims and did not allege they lacked an adequate legal remedy, under a straightforward reading of *Sonner* and *Guzman*, the district court lacked jurisdiction to adjudicate the merits of Plaintiffs' claims.

### B. Absent Equitable Jurisdiction, Remand is Required

Where a federal district court is unable to adjudicate the merits of claims removed from state court, the question is what to do with the case. Neither *Sonner* nor *Guzman* squarely address remand because those cases were originally filed in

7

federal court. After concluding it must dismiss the case pursuant to *Sonner*, however, the *Guzman* court stated, "[i]t may be that this case would have come out differently had it been brought in California state court," 49 F.4th at 1312, suggesting the district court arrived at the proper answer in granting remand here.

Moreover, after *Sonner* and *Guzman*, courts that have considered remand motions under similar circumstances have repeatedly granted them. Noting that "United States Supreme Court precedent squarely favors [remand]," *Guthrie* became the first in a line of cases to conclude that when only equitable claims are presented, and there are no plausible allegations of an inadequate remedy at law, federal courts lack equitable jurisdiction and remand is proper. *See* 561 F. Supp. 3d at 871 (citing *Cates v. Allen*, 149 U.S. 451 (1893); *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)).

In *Guthrie*, the plaintiff's state court complaint sought "a single remedy under a single statute: equitable restitution under" the UCL. *Id.* at 871-72. Following removal by defendant, plaintiffs moved to remand arguing "[the court] lack[ed] equitable jurisdiction over it," and the court agreed. *Id.* After a detailed discussion of equitable jurisdiction and actions in equity in general, the court found, based on the long-standing principles espoused in *Cates*, *Twist*, and *Quackenbush*, that remand—not dismissal—was proper. *See id.* at 872-80. *Guthrie* explained that remand is also the only logical outcome in these circumstances, since "plaintiffs

8

could simply refile their claims in state court if they were dismissed in federal court on this ground," *id.* at 880 (citation omitted) ("*Sonner*, to put a fine point on it, was refiled in state court after the Ninth Circuit affirmed dismissal."). Remand, the court said, "achieves the same outcome [as dismissal] more efficiently." *Id.* Absent remand, a plaintiff's case "could become stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court." *Id.* (quotation and internal quotation marks omitted)

Following *Guthrie*, each district court to consider removal under CAFA of complaints alleging *only* equitable claims and not alleging the lack of an adequate remedy, has remanded. *See Clevenger v. Welch Foods Inc.*, 2023 WL 2390630, at *3-6 (C.D. Cal. Mar. 7, 2023); *Linton*, 2023 WL 4297568, at *4; *Granato v. Apple Inc.*, 2023 WL 4646038, at *6 (N.D. Cal. July 19, 2023); *Morgan v. Rohr, Inc.*, 2023 WL 7713582, at *5–6 (S.D. Cal. Nov. 15, 2023); *Ruiz v. The Bradford Exch., Ltd.*, 2024 WL 2844625, at *3-6 (S.D. Cal. May 16, 2024). Following the same reasoning, the district court reached the same conclusion here. *See* Remand Order.[1]

---

[1] Kraft claims the "[t]he District Court all but begged for this Court's guidance, and this Court should provide it." Pet. at 8. After the court granted Plaintiffs' remand motion, however, Kraft moved for a stay of that order, ECF No. 24, which the court denied, explaining, "[n]ot only is the Court skeptical of Defendant's prospects for success on the merits . . . but the Court shares Plaintiffs' doubts regarding the Ninth Circuit's jurisdiction over Defendant's anticipated appeal," ECF 28, Order Denying Ex Parte Application to Stay, at 2 (record citations omitted).

9

### III. Kraft's Policy Arguments are Meritless; if Anything, *Kraft* is Abusing CAFA

Kraft accuses Plaintiffs of trying to "game the system," by employing "tactics" to "keep their cases out of a forum they view as less favorable than state court." Pet. at 8, 21. But Kraft ignores a critical difference between fraudulent pleading, and Plaintiffs' honest strategy of asserting their most favorable claims. *See Ruiz,* 2024 WL 2844625, at *15 ("[p]laintiff, as the master of his complaint, can include certain claims while foregoing others, even if these decisions affect the jurisdictional posture of the case" (citation omitted)); *cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 395, 398-99 (1987) (the "well-pleaded complaint rule—that the plaintiff is the master of the complaint" is a "paramount polic[y]").

Arguably, it is *Kraft* abusing CAFA and engaging in the gamesmanship the statute was designed to avoid. In *Clevenger*, the court found that when defendants "remove[] [a] Complaint knowing full-well that th[e] [district c]ourt lack[s] jurisdiction to adjudicate the claims," it is an abusive "attempt to circumvent state-court judicial powers and prevent . . . [a] UCL claim from ever being heard." 2023 WL 2390630, at *5 (alteration in original)(citation omitted). This "is a clear misuse of CAFA." *See id.* Contrary to Kraft's suggestion, CAFA "was not intended to encourage [Kraft's] gamesmanship," and its efforts "to extinguish claims which could properly be litigated only in state court," should be rejected. *See id.* (

10

> Defendants engage in a significant amount of handwringing over the idea that remand would create "an end run around CAFA." None of their arguments in this regard are persuasive. First, Defendants are incorrect that remanding Plaintiffs' claim would "preclude all future defendants in California class actions brought under the UCL meeting CAFA's jurisdictional requirements from being able to remove those claims to federal court," because when a plaintiff lacks an adequate remedy at law, the federal court would have equitable jurisdiction over the claims. But even if Defendants were correct, the alternative is that all future plaintiffs in California class actions brought under the UCL meeting CAFA's jurisdictional requirements who have an adequate remedy at law would be precluded from ever having those claims heard by a court of competent jurisdiction. As between the two scenarios, it is hard to believe that permanently extinguishing what might otherwise be a valid claim is the preferable course of action. (record citations omitted)).

The *Clevenger* court was not speaking abstractly, but from firsthand experience. In a related case involving the same judge, parties, and allegations, the defendant filed a motion for judgment on the pleadings regarding the plaintiffs' UCL claims. *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *6 (C.D. Cal. Dec. 14, 2022). The court, bound by *Sonner*, granted the motion, finding "amendment would be futile" where the court could see no "possible set of facts that could demonstrate that Plaintiffs lack an adequate remedy at law." *Id.*

The UCL is a vitally important consumer protection law in California. "Its purpose 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'" *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 320 (2011) (quoting *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002)). But under the framework Kraft urges, when plaintiffs allege UCL

11

violations in class actions filed in state court, defendants can remove the cases under CAFA, then kill the cases under *Sonner*. This outcome would leave plaintiffs having meritorious UCL claims without redress. For the reasons explained in *Clevenger*, 2023 WL 2390630, at *5, this cannot be how CAFA should be applied. *Cf. Guzman*, 49 F.4th at 1312 ("The California Supreme Court has held that the UCL's four-year statute of limitations applies even when an equivalent claim for damages would have been available under a state law with a shorter statute of limitations had the plaintiff brought the claim earlier" and, as a result, "[i]t may be that this case would have come out differently had it been brought in California state court.").

## CONCLUSION

The Court should deny Kraft's Petition.

Dated: September 27, 2024　　　　　　Respectfully submitted,

/s/ Trevor Flynn

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
PETER GRAZUL
*pgrazul@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiff-Respondents***

## CERTIFICATE OF COMPLIANCE

I, Trevor Flynn, hereby certify as follows:

1. The foregoing brief complies with Circuit Rules 5-2(b) and 32-3 because the brief's word count of 2,838 divided by 280 does not exceed 20 pages, excluding the portions identified in the Federal Rules of Appellate Procedure 32(f).

2. The foregoing brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14-point Times New Roman Schoolbook font and is double-spaced.

## CERTIFICATE OF SERVICE

      I hereby certify that I caused the foregoing brief to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 27, 2024, that all participants in the case are registered CM/ECF filers, and that service will be effected using the appellate CM/ECF system.

Dated: September 27, 2024        /s/ Trevor Flynn
                                            Trevor Flynn