No. 24-5641

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

CORI HORTIN and VALERIE MORRISON,
Plaintiffs-Respondents,

v.

KRAFT HEINZ FOODS COMPANY, LLC,
Defendant-Petitioner.

On Appeal from September 6, 2024 Order Granting Motion to Remand
United States District Court, Southern District of California
The Honorable Todd W. Robinson
Case No. 3:24-cv-909-TWR-SBC

## REPLY IN SUPPORT OF PETITION FOR PERMISSION TO
## APPEAL PURSUANT TO 28 U.S.C. § 1453(c)(1)

Dean N. Panos
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Tel.: 312-222-9350
dpanos@jenner.com

Kate T. Spelman
Alexander M. Smith
Madeline P. Skitzki
JENNER & BLOCK LLP
515 S. Flower St., Ste. 3300
Los Angeles, CA 90071
Tel: 213-239-5100
kspelman@jenner.com
asmith@jenner.com
mskitzki@jenner.com

*Attorneys for Defendant-Petitioner*
*Kraft Heinz Foods Company, LLC*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................ 1

ARGUMENT ............................................................................. 3

I.   CAFA Permits Review of the District Court's Remand Order, Regardless of Whether It Implicates "Non-CAFA Issues." ............. 3

II.  This Court Should Accept This Appeal to Provide Guidance to District Courts, Which Have Reached Divergent Results. .............. 7

III. Plaintiffs' Policy Arguments Are Meritless. ................................... 10

CONCLUSION ........................................................................ 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ..................................................................... 5

*Black Lives Matter L.A. v. City of Los Angeles*,
  113 F.4th 1249 (9th Cir. 2024) ....................................................... 5

*Coleman v. Estes Express Lines, Inc.*,
  627 F.3d 1096 (9th Cir. 2010) ....................................................... 7

*Demaria v. Big Lots Stores – PNS, LLC*,
  2023 WL 6390151 (E.D. Cal. Sept. 29, 2023) .................................... 8

*Favell v. Univ. of S. Cal.*,
  2023 WL 4680357 (C.D. Cal. July 5, 2023) ................................... 8, 9

*Guthrie v. Transamerica Life Insurance Co.*,
  561 F. Supp. 3d 869 (N.D. Cal. 2021) ............................................. 8

*Guzman v. Polaris Industries, Inc.*,
  49 F.4th 1308 (9th Cir. 2022) ................................................. *passim*

*Ibarra v. Manheim Investments, Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ....................................................... 6

*Kim v. Walmart, Inc*,
  2023 WL 196919 (C.D. Cal. Jan. 13, 2023) ................................... 8, 9

*Naseri v. Greenfield World Trade, Inc*,
  2021 WL 3511040 (C.D. Cal. Aug. 10, 2021) .................................... 8

*Nevada v. Bank of Am. Corp.*,
  672 F.3d 661 (9th Cir. 2012)............................................... 1, 3, 4, 7

*Peralta v. Countrywide Home Loans, Inc.*,
  375 F. App'x 784 (9th Cir. 2010) ............................................... 3, 4

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020)...................................................2, 10, 11, 12

*Treinish v. iFit Inc.*,
    2022 WL 5027083 (C.D. Cal. Oct. 3, 2022) ...........................................8

*Twist v. Prairie Oil & Gas Co.*,
    274 U.S. 684 (1927) ...........................................................................12

## Statutes

28 U.S.C. § 1291................................................................................7

28 U.S.C. § 1453............................................................................1, 3, 7

Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ......10, 11

Song-Beverly Act, Cal. Civ. Code §§ 1790 *et seq.* ..............................10, 11

## Other Authorities

S. Rep. No. 109-14 (2005) ...................................................................6

## INTRODUCTION

As the District Court correctly noted, "Plaintiffs' tactic of pleading only equitable claims and not alleging the unavailability or inadequacy of legal remedy to evade removal of diverse putative consumer class actions under CAFA appears to be increasingly popular." Op. at 2.[1] Yet Plaintiffs ask this Court to decline review of the District Court's remand order because "CAFA is essentially irrelevant" to the District Court's analysis. Opp'n at 5. That is both wrong and beside the point.

It does not matter that the District Court's remand order did not find that Kraft Heinz failed to satisfy CAFA's minimal diversity and amount-in-controversy requirements. This Court has made clear that Section 1453(c)(1) permits review of a remand order in any case removed under CAFA, even if it turns on "a non-CAFA issue." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 672–73 (9th Cir. 2012). And even if "equitable jurisdiction" is not a CAFA-specific basis for remand, the tactic the District Court endorsed will have an outsized effect on the very consumer class actions that CAFA was intended to channel into federal court. This is the type of case in which Section 1453(c)(1) review is *most* appropriate.

---

[1] All defined terms have the same meaning used in Kraft Heinz's petition.

Plaintiffs' remaining arguments are similarly meritless. As Plaintiffs concede, this Court's decisions in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), and *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308 (9th Cir. 2022), say nothing about remand. And while Plaintiffs cite several district court cases to argue that remand is appropriate, many other district courts have rejected their reasoning—which underscores the need for this Court's intervention. Indeed, the District Court specifically acknowledged that it did not have "the benefit of the Ninth Circuit's wisdom" in ruling on Plaintiffs' motion. Op. at 2. This Court should provide the guidance the District Court asked for.

Finally, Plaintiffs assert that allowing defendants to remove class actions seeking only "equitable" remedies to federal courts would leave plaintiffs "without redress." Opp'n at 12. But leaving aside the fact that a plaintiff *can* seek equitable relief in federal court if he or she lacks an adequate legal remedy, the solution to this supposed problem is not to deprive class action defendants of the federal forum Congress guaranteed them. In any event, Kraft Heinz explicitly stated that it would waive any "equitable jurisdiction" defense if necessary to stay in federal court. Even if an "equitable jurisdiction" defense *could* be a proper basis to remand a

2

case to state court, it should be up to the defendant to decide whether to waive that defense to avail itself of its right to a federal forum.

## ARGUMENT

### I. CAFA Permits Review of the District Court's Remand Order, Regardless of Whether It Implicates "Non-CAFA Issues."

CAFA authorizes this Court to accept an appeal of a remand order in any case removed under "this section"—regardless of the basis for remand. 28 U.S.C. § 1453(c)(1). Relying on *Peralta v. Countrywide Home Loans, Inc.*, 375 F. App'x 784 (9th Cir. 2010), Plaintiffs assert that "the presence of an important, but non-CAFA, issue does not warrant interlocutory appellate review of a remand order." Opp'n at 3 (quoting *Peralta*, 375 F. App'x at 785) (internal quotation marks omitted). That is not the law in the Ninth Circuit.

Two years after *Peralta*, this Court held that CAFA authorizes "appellate jurisdiction over a non-CAFA issue decided in an order appealable under § 1453(c)(1)." *Nevada*, 672 F.3d at 672–73. This Court found this conclusion "straightforward" and explained that CAFA's "plain language . . . confers jurisdiction over 'an order of a district court granting or denying a motion to remand a class action'"—whether or not the holding is CAFA-related. *Id.* at 673. To the extent there was *ever* any

3

ambiguity about whether CAFA permits review of a "non-CAFA issue," this Court settled it in *Nevada*. *Id.* at 672.

This case illustrates why the purported rule Plaintiffs divine from *Peralta* is not the law. Even though Plaintiffs did not dispute that this case satisfies CAFA's jurisdictional requirements, the District Court chose to remand this case based on a waivable defense that implicates its remedial power rather than its subject matter jurisdiction. The District Court did so in spite of this Court's admonition that "[e]quitable jurisdiction is distinct from subject matter jurisdiction." *Guzman*, 49 F.4th at 1314. The District Court's decision to remand this case based on a non-statutory, abstention-like rationale—despite its undisputed subject matter jurisdiction—cries out for review.

Even on its own terms, *Peralta* does not hold (or even suggest) that CAFA forbids discretionary review of "non-CAFA issues." Instead, *Peralta* held that a *specific* "non-CAFA" issue—the citizenship of the defendant lender—did not warrant interlocutory review. *See* 375 F. App'x at 785. But that is hardly surprising, as the question of whether a specific bank was a citizen of California is a fact-bound question whose resolution does not implicate any broader issues of class action litigation.

4

Here, in contrast, the District Court's remand order did not rely on any case-specific facts. Instead, the District Court found that remand was appropriate because it lacked "equitable jurisdiction" over Plaintiffs' claims. *See* Op. at 2. The District Court's reasoning implicates pure issues of law that commonly recur in consumer class actions—as evidenced by the District Court's finding that "Plaintiffs' tactic" has become an "increasingly popular" way for plaintiffs "to evade removal of diverse putative consumer class actions under CAFA." *Id.*

It is easy to see why this issue would arise most frequently in the consumer class action context. Because false advertising cases typically concern low-cost consumer goods like Lunchables, plaintiffs virtually always bring false advertising lawsuits under the UCL and FAL as class actions. Class actions of this sort are "onerous and costly for defendants, who may feel 'pressured into settling questionable claims' to avoid even a 'small chance of a devastating loss.'" *Black Lives Matter L.A. v. City of Los Angeles*, 113 F.4th 1249, 1257–58 (9th Cir. 2024) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011)).

Indeed, when Congress enacted CAFA in 2005, it specifically recognized that "common abuse in state court class actions is use of the

5

class device as 'judicial blackmail' in cases that border on frivolous." S. Rep. No. 109-14, at 20 (2005). As Congress explained, class actions "can give a class attorney unbounded leverage," which "can essentially force corporate defendants to pay ransom to class attorneys by settling— rather than litigating—frivolous lawsuits." *Id.* It was that concern that prompted Congress to "design[] the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Under the District Court's view of CAFA, however, a plaintiff can evade removal—even in interstate class actions that place over $5 million in controversy—by asserting only "equitable" claims that a federal court purportedly lacks "equitable jurisdiction" to adjudicate. Even if this tactic does not specifically implicate CAFA's jurisdictional prerequisites, it undermines CAFA's goal of channeling significant interstate class actions into federal court. The increasing proliferation of this tactic

warrants immediate review under Section 1453(c)(1), and nothing in CAFA's text prevents this Court from granting review.[2]

## II. This Court Should Accept This Appeal to Provide Guidance to District Courts, Which Have Reached Divergent Results.

Plaintiffs also argue that the Court should not accept this appeal because Kraft Heinz is "wrong on the merits." Opp'n at 6. As explained in Kraft Heinz's petition for permission to appeal, that is incorrect. But regardless of who is "wrong on the merits," there is no real dispute that this appeal implicates issues that this Court has not squarely addressed and on which district courts have reached widely divergent results. That is the precise situation in which review under CAFA is most appropriate. *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (noting that a "key factor in determining whether to accept an

---

[2] Plaintiffs suggest that this Court should not resolve this appeal on the "abbreviated" schedule CAFA requires. Opp'n at 3. But this ignores the entire point of Section 1453, which is to "develop a body of appellate law interpreting CAFA without unduly delaying the litigation of class actions." *Nevada*, 672 F.3d at 674 (citation, alteration, and internal quotation marks omitted). In any event, Kraft Heinz attempted to head off this problem by asking this Court to stay the remand order pending the resolution of its parallel appeal under 28 U.S.C. § 1291, which would afford the Court the additional time Plaintiffs suggest it requires without forcing Kraft Heinz to litigate in state court in the meantime. Plaintiffs opposed that motion, which suggests that their concern about resolving this appeal on an expedited timeline is pretextual.

7

appeal is the presence of an important CAFA-related question" that "appears to be either incorrectly decided . . . or at least fairly debatable") (citation and internal quotation marks omitted).

Relying on *Guthrie v. Transamerica Life Insurance Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021), and a string cite of district court cases, Plaintiffs assert that "each district court to consider removal under CAFA of complaints alleging only equitable claims and not alleging the lack of an adequate remedy" has remanded the case to state court. Opp'n at 9 (emphasis omitted). But Plaintiffs are wrong, as many district courts have denied motions to remand for lack of "equitable jurisdiction." *See, e.g.*, *Favell v. Univ. of S. Cal.*, 2023 WL 4680357, at *2–3 (C.D. Cal. July 5, 2023); *Kim v. Walmart, Inc*, 2023 WL 196919, at *3 (C.D. Cal. Jan. 13, 2023); *Treinish v. iFit Inc.*, 2022 WL 5027083, at *5 (C.D. Cal. Oct. 3, 2022); *Demaria v. Big Lots Stores – PNS, LLC*, 2023 WL 6390151, at *8

(E.D. Cal. Sept. 29, 2023); *Naseri v. Greenfield World Trade, Inc*, 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021).[3]

In reaching that result, these courts have reasoned—consistent with this Court's holding in *Guzman*—that "the question of equitable jurisdiction" is distinct from the question of "whether the claim falls within the limited jurisdiction conferred on the federal courts." *Favell*, 2023 WL 4680357, at *2 (citation omitted); *accord Guzman*, 49 F.4th at 1314 ("Equitable jurisdiction is distinct from subject matter jurisdiction."). These courts have therefore agreed that a "lack of equitable jurisdiction is not a basis for remand when subject matter jurisdiction is present." *Favell*, 2023 WL 4680357, at *2; *see also Kim*, 2023 WL 196919, at *2 ("Remand is inappropriate because diversity jurisdiction exists, and the Court's authority to hear this case does not depend on its equitable powers.").

---

[3] Plaintiffs suggest that these cases are inapposite because the plaintiffs in those cases did not "alleg[e] *only* equitable claims." Opp'n at 9 (emphasis in original). But Plaintiffs do not explain why a plaintiff's tactically motivated decision to plead only equitable claims should dictate whether a defendant can remove a class action that Congress expressly gave it the right to remove.

It is therefore incorrect, as Plaintiffs claim, that every post-*Guthrie* district court has aligned itself with Plaintiffs' position. To the contrary, there is a deep split among the district courts on a pure issue of law, which means that identically situated defendants are likely to experience widely varying outcomes based on the judges to whom they are assigned.

As the District Court observed when it remanded this case, this split has persisted because this Court has not yet addressed whether a lack of "equitable jurisdiction" warrants remand to state court. *See* Op. at 2. Indeed, while Plaintiffs claim that *Sonner* and *Guzman* support their position, they admit that "[n]either *Sonner* nor *Guzman* squarely address remand because those cases were originally filed in federal court." Opp'n at 7–8. This Court can (and should) use Kraft Heinz's petition to resolve the question that *Sonner* and *Guzman* left open and to provide much-needed guidance to district courts.

## III. Plaintiffs' Policy Arguments Are Meritless.

In a last-ditch effort to avert appellate review, Plaintiffs assert that allowing defendants to remove cases seeking equitable remedies under the UCL would "leave plaintiffs having meritorious UCL claims without redress." Opp'n at 12. But this is a red herring for at least two reasons:

10

First, in virtually every case, a plaintiff who has a viable claim under the UCL or the FAL will either have an equally viable legal claim or an inadequate remedy at law. This case is a perfect example. Plaintiffs' claim under the UCL is premised, at least in part, on alleged violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, and the Song-Berverly Act, *id.* §§ 1790 *et seq. See* ECF No. 1-2 ¶ 91. Plaintiffs could just as easily have asserted claims under those statutes as a claim under the UCL, and the dismissal of their "equitable" claims would not leave them "without redress." Opp'n at 12.

Plaintiffs note that the *Guzman* court found that the plaintiff in that case had an "adequate legal remedy," even though his CLRA claim was "time-barred." *Guzman*, 49 F.4th at 1313; *see* Opp'n at 12. But this is the only situation—at least as far as Kraft Heinz is aware—in which *Sonner* would foreclose an otherwise viable UCL claim. And in *Guzman*, the plaintiff's lack of a viable legal claim was a problem of his own making, as he failed to assert a CLRA claim within the limitations period.

Here, in contrast, Plaintiffs do not assert that *they* would lack a viable CLRA claim or a claim under the Song-Berverly Act if the district court lacked "equitable jurisdiction" over their UCL and FAL claims. Nor

11

do Plaintiffs identify any other situation in which a plaintiff would have a potentially "meritorious" UCL claim but lack any viable legal claim. If those cases exist, they are extremely rare. They certainly do not justify the result below, which would empower *all* plaintiffs to sidestep CAFA by intentionally pleading only "equitable" claims.

<u>Second</u>, even if Plaintiffs were correct that defendants should not be allowed to "remove the cases under CAFA" and then "kill the cases under *Sonner*" (Opp'n at 11–12), this overlooks the fact that *Sonner* provides a *defense* that a defendant can choose to raise or waive. As explained in Kraft Heinz's petition, the Supreme Court clarified nearly a century ago that a defendant can "waive[] the objection of lack of equity jurisdiction." *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 691 (1927).

Thus, even if Plaintiffs *were* correct that a defendant should not be able to remove a case seeking equitable relief and seek dismissal under *Sonner*, there is no jurisdictional bar against awarding equitable relief under the UCL if the defendant waives its *Sonner* defense. To be clear, Kraft Heinz maintains that a defendant should not be forced to waive an "equitable jurisdiction" defense to avail itself of the federal forum Congress provided class action defendants. But even if this Court found

that a lack of "equitable jurisdiction" would otherwise merit remand, it should clarify—consistent with controlling Supreme Court precedent—that class action defendants can waive this defense.

## <u>CONCLUSION</u>

This Court should grant the petition and reverse the decision below.

Dated: October 4, 2024                    Respectfully submitted,

/s/ Dean N. Panos
_____

    Dean N. Panos
    JENNER & BLOCK LLP
    353 N. Clark St.
    Chicago, IL 60654
    T: 312-222-9350
    dpanos@jenner.com

    *Attorneys for Defendant-Petitioner*
    *Kraft Heinz Foods Company, LLC*

13

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Dean N. Panos, hereby certify as follows:

1.     The foregoing brief is 2,551 words long.  Divided by 280, the word count of the brief does not exceed 10 pages, excluding the portions identified in Federal Rules of Appellate Procedure 5(b)(1)(E) and 32(f).

2.     The foregoing brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14 point Century Schoolbook font.

Dated: October 4, 2024          /s/ Dean N. Panos
                                                         Dean N. Panos

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing brief to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 4, 2024, that all participants in the case are registered CM/ECF filers, and that service will be effected using the appellate CM/ECF system.

Dated: October 4, 2024               /s/ Dean N. Panos
                                                                Dean N. Panos